UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| CRYSTAL LITZ, and all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civ. A. No. 11-cv-10693 |
| THE SAINT CONSULTING GROUP, INC., P. MICHAEL SAINT and PATRICK FOX, | ) ) ) ) ) | |
| Defendants. | ) ) | |

## PLAINTIFF'S MOTION TO FILE SECOND AMENDED COMPLAINT

This case was recently transferred to the District of Massachusetts from the Northern District of Illinois on an uncontested motion by Defendants Saint Consulting Group, Inc., P. Michael Saint and Patrick Fox.  Now, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, Plaintiffs move for permission to amend the operative complaint in the form attached as "Exhibit A."  The proposed amended complaint would add a state law claim for failure to pay overtime compensation in violation of M.G.L. c. 151, § 1A, which, Plaintiffs allege, should apply extraterritorially to all of Defendants operations throughout the country.  See, e.g., Gonyou v. Tri-Wire Engineering Solutions, Inc., 717 F. Supp. 2d 152 (D. Mass. 2010) (applying Massachusetts Overtime Law to employees performing work for Massachusetts-based employer outside of Massachusetts); Solis v. Cymfony, Inc., Middlesex Civ. A. No. 10-03384, order denying motion to dismiss (Mass. Super. Mar. 7, 2011) (applying Massachusetts Independent Contractor Law to plaintiffs who worked outside of Massachusetts; "a Massachusetts employer should not be able to escape potential liability for mischaracterizing an employee as an

independent contractor simply because the work at issue was performed outside of Massachusetts"); Davis v. The Footbridge Companies, LLC, Civil Action No. 09-11133-NG, minute entry (D. Mass. Oct. 5, 2010) (allowing plaintiff, who lived in Alabama, amend complaint to assert Massachusetts wage law claims; "[A]t least one court in this District has found the Massachusetts wage laws may apply to Massachusetts employers even where the employee was not working in the state at the time of injury").

Rule 15(a) of the Federal Rules of Civil Procedure provides that "leave [to amend a complaint] shall be freely given when justice so requires."  As this Court has observed, "[t]his phrase is usually interpreted as an affirmation of the liberal approach to pleading taken by the modern rules, and as an encouragement to district judges to decide a plaintiff's claims on the merits whenever possible."  McMillan v. Massachusetts Soc. for Prevention of Cruelty to Animals, 168 F.R.D. 94, 97 (D. Mass. 1995).  Here, it is particularly appropriate to allow Plaintiffs to amend the complaint to assert their additional state law claim against Defendants, which are headquartered in Massachusetts.  Moreover, amendment is appropriate given that this case is still in its early procedural stages, having just been transferred to this Court, and with neither party having commenced discovery or engaged in any substantive briefing.  Accordingly, under Rule 15(a)'s liberal standard, Plaintiffs respectfully request that this Court grant them leave to amend their complaint.

Respectfully submitted,

CRYSTAL LITZ, and all others similarly situated,

By their attorneys,

 /s/ Shannon Liss-Riordan
Shannon Liss-Riordan, BBO # 640716
Brant Casavant, BBO # 672614
LICHTEN & LISS-RIORDAN, P.C.
100 Cambridge Street – 20th Floor
Boston, MA 02108
(617) 994-5800

James B. Zouras, admitted pro hac vice
Ryan F. Stephan, admitted pro hac vice
Adam C. Ficzko, admitted pro hac vice
STEPHAN ZOURAS, LLP
205 N. Michigan Avenue, Suite 2560
Chicago, Illinois 60601

DATED:    May 12, 2011                    (312) 233-1550