UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 11-10693-GAO

CRYSTAL LITZ,
Plaintiff,

v.

THE SAINT CONSULTING GROUP, INC.,
P. MICHAEL SAINT and PATRICK FOX,
Defendants.

ORDER
February 17, 2012

O'TOOLE, D.J.

Plaintiff Crystal Litz ("Litz") has brought this suit under the Fair Labor Standards Act ("FLSA") on behalf of herself and other similarly situated employees against The Saint Consulting Group, Inc. ("Saint"), P. Michael Saint and Patrick Fox. Litz has filed a Motion to Amend the Complaint, a Motion for a Protective Order and Corrective Notice, and a Motion for Conditional Class Certification under § 216(b) of the Fair Labor Standards Act ("FLSA").

**I.    Motion to Amend**

Litz seeks to amend her complaint to add a Massachusetts state law claim for unpaid overtime pursuant to Mass. Gen. Laws ch. 151. Rule 15(a) of the Federal Rules of Civil Procedure allows for the amendment of pleadings "when justice so requires." The district court has discretion to decide whether to grant leave to amend. ACA Fin. Guar. Corp. v. Advest, Inc., 512 F.3d 46, 55 (1st Cir. 2008). The plaintiff now seeks to add a Massachusetts state law claim, despite the fact that she has never worked or lived in Massachusetts. While employed by the defendant, she worked in Illinois. Massachusetts statutes "are presumed not to apply extraterritorially unless there is clear legislative intent to the contrary." Hadfield v. A.W.

Chesterton Co., 2009 WL 3085921 at *2 (Mass. Super. 2009). Here, plaintiff has not directed the court to any legislative history that suggests the Legislature intended to apply the overtime statute extraterritorially.

In this situation, the proper inquiry is whether the employee worked in Massachusetts, not whether the employer is based in Massachusetts. Telford v. Iron World Manufacturing, LLC, 680 F. Supp. 2d 337, 342 (D. Mass 2010). This is determined by the relevant employment conduct and duties, not where management decisions are made. Hadfield, 2009 WL 3085921 at *5. Litz never worked in Massachusetts. The entirely of her employment with the defendant occurred in the state of Illinois. Furthermore, the proposed Second Amended Complaint does not allege that any Project Managers worked or resided in Massachusetts.

Going further, there are some situations where Massachusetts law may apply outside its borders if "sufficient contacts with the Commonwealth exist." Gonyou v. Tri-Wire Engineering Solutions, Inc., 717 F. Supp. 2d 152, 155 (D. Mass. 2010). Here, no such contacts exist. Litz has never worked in Massachusetts, she has never resided in Massachusetts, and her employment contract did not even contain a Massachusetts choice of law provision. She was an Illinois employee of a corporation which maintains a headquarters in Massachusetts. Thus, she does not have sufficient contacts to add a Massachusetts law claim to her complaint.

## II.   Motion for a Protective Order and Corrective Notice

Litz seeks a protective order from the court as well as corrective notice to prevent the defendants from communicating with potential class members about the litigation. Courts have both the duty and authority to enter orders governing the conduct and communications of the parties with potential class member. Gulf Oil v. Bernard, 452 U.S. 89, 100 (1981).  However, this authority is limited so as not to seriously restrict the expression of the parties. Id. at 103.

Thus, such an order must be based on "clear record and specific findings" and only imposed in situations where the communications are misleading or improper. Id. at 101-02.

Here, the facts do not support a finding that a protective order is necessary. The defendants have a right to communicate with potential class members, just as the plaintiff does. Additionally, the "alumni newsletter" is neither coercive nor improper. Thus, no corrective notice is necessary.

### III.     Motion for Conditional Class Certification

Litz seeks conditional class certification under § 216(b) of FLSA to issue notice to all prospective class members. This circuit generally follows the two tier approach to class certification under the FLSA. The court first makes an initial assessment of whether the potential class should receive notice of the pending action. Trezvant v. Fidelity Employer Services Corp., 434 F. Supp. 2d 40, 42-43 (D. Mass. 2006). Later, after the completion of discovery, the court makes a final determination of class certification. Id. At the initial stage, the court must find that the potential plaintiffs are similarly situated in order to authorize notice. Id. This determination is based on the pleadings and affidavits. Kane v. Gage Merchandising Services, Inc., 138 F. Supp. 2d 212, 214 (D. Mass. 2001). Because the available evidence is minimal, this standard is fairly lenient. Id.

In this case there is sufficient evidence that the prospective class of Project Managers is similarly situated. These employees have the same general job description and duties, have similar terms of employment, record and bill their time on an hourly basis, and receive similar training and directives from management.

The defendant argues there should be an additional burden on the plaintiff to demonstrate that potential class members are interested in joining the suit. Although some courts have

imposed this additional requirement, it has not been adopted by the First Circuit. At least in this case, I agree with the plaintiff that this additional step is premature. The purpose of conditionally certifying a class is so that the potential class members may all be notified. To require at this stage a showing that potential class members, who have not been formally notified, want to join the class is inconsistent with the idea that the preliminary certification is only "conditional."

The Motion for Conditional Certification is granted. The scope of the opt-in class is limited to Project Managers. The parties are to confer and submit a proposed joint notice that may be sent to the class within thirty (30) days. If the parties are unable to agree on the language of this proposed notice, then they must submit their proposed notices to the court within the same time frame.

## IV. Conclusion

Accordingly, the plaintiff's Motion (dkt. no. 52) to File a Second Amended Complaint is DENIED, the plaintiff's Motion (dkt. no. 56) for a Protective Order and to Issue Corrective Notice is DENIED, and the plaintiff's Motion (dkt. no. 53) for Conditional Certification is GRANTED.

It is SO ORDERED.

                                                /s/ George A. O'Toole, Jr.
                                                United States District Judge