UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 11-10693-GAO

CRYSTAL LITZ, and all others similarly situated,
Plaintiffs,

v.

THE SAINT CONSULTING GROUP, INC.,
P. MICHAEL SAINT and PATRICK FOX,
Defendants.

ORDER
September 13, 2013

O'TOOLE, D.J.

The plaintiffs sue to recover claimed overtime compensation under the Fair Labor Standards Act ("FLSA"). 29 U.S.C. § 207. The plaintiffs were both formerly employed by the defendants as "project managers," providing land-use lobbying and political campaign services. The defendants assert that their project managers qualify as highly compensated employees exempt from the overtime provision of the FLSA. The parties have filed cross-motions for summary judgment.

The following facts are not subject to dispute: During the relevant time, the plaintiffs were employed by the Saint Consulting Group as "project managers." The Saint Consulting Group is owned and operated by P. Michael Saint and Patrick Fox. As project managers, both plaintiffs were responsible for organizing and running political campaigns for and against land-use projects around the country. The plaintiffs' compensation was mostly based on the number of hours worked that was billed to the firm's clients in a particular week. The hourly rate received by project managers typically ranged between $40 and $60 per hour billed. As an example, if a project manager with a $40 an hour rate worked 40 hours in a given week and

billed 35 hours to clients, she would be paid $40 times 35 hours or $1400 for that week. There was no cap on how much a project manager could be paid in a week; the more hours billed to clients, the more the project manager would make. There was a floor, however; every project manager was guaranteed to receive at least $1,000 a week even if she billed zero hours in a particular week. During the periods in question both plaintiffs earned well over $100,000 a year.

As a general matter, the FLSA sets minimum requirements for wage and overtime payments and prohibits employment for more than a specified period of time without proper overtime compensation. 29 U.S.C. §§ 201-13. There are some exemptions from these requirements, however, set forth in regulations adopted by the Department of Labor. One such exemption, at issue in this case, is for "highly compensated employees." 29 C.F.R. § 541.601.

Under this regulation, there is a two part test to determine whether an employee qualifies as "highly compensated" and therefore exempt. First, an "employee will qualify for exemption if the employee customarily and regularly performs any one or more of the exempt duties or responsibilities of an executive, administrative or professional employee." Id. at § 541.601(c). Both sides agree that the plaintiffs meet this criterion. The other part of the test requires that the employee earn at least $100,000 in "total annual compensation." Id. at § 541.601(a). "'Total annual compensation' must include at least $455 per week paid on a salary or fee basis. Total annual compensation may also include commissions, nondiscretionary bonuses and other nondiscretionary compensation earned during a 52–week period." Id. at § 541.601(b)(1).

The manner in which the plaintiffs were paid falls squarely within the highly compensated employee exemption. There is no dispute that if the plaintiffs did not bill in excess of $1,000 in any given week they were still guaranteed to be paid $1,000 for that week, more than twice what the regulation requires. As long as at least the minimum $455 per week is paid

no matter what, the exemption applies even if that assured minimum is supplemented by other compensation, such as sales commissions or a share of profits. 29 C.F.R. § 541.604(a). Nor can there be any genuine dispute that the weekly minimum was "paid on a salary or fee basis" as required by § 541.602(b)(1). An employee is paid on a salary basis "if the employee regularly receives each pay period . . . a predetermined amount constituting all or part of the employee's compensation, which amount is not subject to reduction because of variations in the quality or quantity of the work performed." 29 C.F.R. § 541.602(a). "In other words, the employee 'must receive the full salary for any week in which the employee performs any work without regard to the number of days or hours worked.'" Sander v. Light Action, Inc., 2013 WL 1777259, at *2 (3rd Cir. April 26, 2013). The guaranteed floor of $1,000 per week regardless of billing satisfies these conditions.

The plaintiffs' argument that the regulations require that there be a "reasonable relationship" between the guaranteed weekly base and the total compensation paid misses the mark. "The reasonable relationship requirement applies only if the employee's pay is computed on an hourly, daily or shift basis." 29 C.F.R. § 541.604(b). The plaintiffs' pay was not computed on the basis of hours worked, but rather of hours billed. It was thus more like a commission than an hourly wage. See id. The "reasonable relationship" test does not apply.

For these reasons, the defendants are entitled to summary judgment as a matter of law. Therefore, the defendants' Motion for Summary Judgment (dkt. no. 99) is GRANTED, and the plaintiffs' Motion for Summary Judgment (dkt. no. 96) is DENIED. Judgment shall enter for the defendants.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge